DECEMBER 30, 1946

No. 51501.—SUITS 4534/5.——*United States* v. *Edward I. Petow & Son and Edward I. Petow & Son* v. *United States.* C. D. 933 reversed November 4, 1946. C. A. D. 343.

BEFORE THE THIRD DIVISION, JANUARY 3, 1947

No. 51502.—Protests 47669–K, etc., of Products From Sweden, Inc. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of oatmeals or oatmeal saucers the same in all material respects as those passed upon in *Copeland & Thompson, Inc.* v. *United States* (12 Cust. Ct. 85, C. D. 833). In accordance therewith the merchandise was held dutiable as claimed.

No. 51503.—Protest 119965–K of A. S. Hardin (Galveston).

Opinion by KEEFE, J. At the trial it was established that a copy of the declaration of returning residents was mailed to the shipper; that when shipping same, the shipper could not find said declaration; and that the Railway Express Agency, when making entry, was not aware that the silver bowl was part of the articles purchased by residents of the United States abroad, paid the duties, and forwarded the article to the consignee. From the evidence presented it was held that the silver bowl in question was entitled to an exemption from duty under paragraph 1798 as articles acquired abroad for personal or household use. (*Deanesly* v. *United States*, 64 Treas. Dec. 422, T. D. 46698, followed.)

No. 51504.—Protest 116107–K of Blossom Hill Wine Co. (Cleveland).

Opinion by KEEFE, J. It appeared from the papers that the protest was not filed with the collector until 61 days after liquidation. Inasmuch as the protest was not filed within the time prescribed by law under section 514, Tariff Act of 1930, the motion made by counsel for the Government to dismiss the protest was granted. The protest was therefore dismissed.